UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

DANIEL J. KEY, II,

Petitioner,

V.

GREGORY KIZZIAH, Warden,

Respondent.

Civil Action No. 7: 16-202-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Daniel Key has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit against his federal sentence for time he spent in state custody. [R. 1] This matter is before the Court to conduct an initial screening of Key's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the credit Key seeks is precluded by federal law, his petition must be denied.

In 2006, Key pled guilty in this Court to possession and trafficking in crack cocaine as well as possession of a firearm in furtherance of that enterprise. He was sentenced to 91 months imprisonment to be followed by five years of supervised release. Key served his federal prison term and was released from BOP custody in January 2012. *United States v. Key*, No. 2: 05-CR-37-DLB-1 (E.D. Ky. 2005).

Four months later, while he was on supervised release Key was arrested on May 28, 2012 by local police in Kenton County, Kentucky. He was charged with trafficking in cocaine, tampering with evidence, fleeing police, resisting arrest, and disorderly conduct. Key pled guilty to those charges, and was sentenced to a 7½-year state sentence. On January 8, 2015, Kentucky authorities released Key from their custody after he had served 31 months of that sentence. On

the same day, Key was transferred into federal custody for violating the terms of his supervised release. Following Key's admission that he had committed the state offenses, on February 12, 2015, this Court revoked Key's supervised release and ordered him to serve 60 months imprisonment, with no term of supervised release to follow. *Id*.

Five months after his sentence was imposed, Key wrote a letter to the Court requesting that it grant him 31 months of "credit" against his federal sentence pursuant to 18 U.S.C. § 3584(a) and application note (2)(c) of U.S.S.G. § 5G1.3. In its response, the government noted that both provisions must be considered and applied, if at all, when the original sentence was imposed, and that neither relates to credit for jail time, a matter whose application is vested solely with the Bureau of Prisons under 18 U.S.C. § 3585.

In a Memorandum Order entered on August 5, 2015, the Court liberally construed Key's request as seeking relief under § 3585(b). The Court concluded that Key must first seek prior custody credits by utilizing the BOP's inmate grievance program, and if unsatisfied, by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. The Memorandum further noted that, on the merits, Key could not obtain credit for this time under § 3585(b) because it had already been credited against his state sentence. Key appealed, but the Sixth Circuit affirmed in May 2016, agreeing with this Court's determination that Key's motion was both procedurally improper and substantively without merit. *United States v. Key*, No. 15-5920 (6th Cir. May 6, 2016).

In his present petition, Key offers a slight variation on his earlier efforts to obtain prior custody credits under § 3585(b). Key argues that the federal detainer lodged with state officials following his arrest by local police prevented him from posting bail and obtaining his release. Therefore, he argues, he is entitled to 31 months of credit beginning on the date the detainer was lodged. [R. 1 at 2-3]

Key's present argument fares no better than its predecessors. Pursuant to 18 U.S.C. § 3585(a), Key's sentence commenced when he was received into federal custody to begin service of it on February 12, 2015. Because he seeks credit for time he spent in custody before that date, its availability is governed by Section 3585(b). Key has already been granted prior custody credit starting on January 8, 2015, but now seeks credit beginning on May 28, 2012 when he was taken into state custody, or at least beginning on some unspecified date when he was allegedly denied release on bail.[1]

The Court notes parenthetically that the premise for Key's argument – that he was denied bail in his state prosecution because of the federal detainer – appears to be contradicted by records from his state criminal proceedings. Following his arrest, on May 29, 2012 the Kenton District Court set a $10,000.00 cash bond in Case No. 12-F-00719. The case was bound over to the Kenton Circuit Court for arraignment and trial; Key pled guilty and was sentenced on January 11, 2013 in Case No. 12-CR-543. A second set of charges related solely to the drug trafficking counts was issued, and on June 29, 2012, the Kenton District set a $10,000.00 cash bond in Case No. 12-F-00914. The case was bound over to the Kenton Circuit Court for arraignment and trial; after bond was reset to $20,000.00 cash on August 29, 2012, Key pled guilty and was sentenced on January 14, 2013 in Case No. 12-CR-612.[2] In short, in both cases Key was given the opportunity to post bond to obtain his liberty, contrary to his assertion here.

---

[1] Even if Key could obtain this credit, it would unquestionably cease once his state sentence actually began in January 2013, limiting him to at most 7 months additional credit, not the 31 he claims entitlement to here.

[2] These records can be found at:
    (1)    https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=DI&caseNumber=12-F-00719&caseTypeCode=FE&client_id=0;
    (2)    https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber=12-CR-00543&caseTypeCode=CR&client_id=0;
    (3)    https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=DI&caseNumber=12-F-00914&caseTypeCode=FE&client_id=0; and

Even if that were not so, Key would not be entitled to the credit he seeks. Key was given credit for the time period he spent in jail for his state crimes against his state sentences, and that time may not be "double counted" against his federal sentence. *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("... Congress made clear that a defendant could not receive a double credit for his detention time."); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003). The fact that a pending federal detainer or warrant prevents a defendant in state custody from being released does not entitle him or her to federal sentencing credit. *Elwell v. Fisher*, 716 F. 3d 477, 485-86 (8th Cir. 2013); *Shahid v. Schultz*, 272 F. App'x 150, 153 (3d Cir. 2008); *Miller v. Whitehead*, No. DKC-09-1941, 2010 WL 2640155, at *3 (D. Md. June 25, 2010).

Accordingly, it is **ORDERED** as follows:

1. Key's motion to expedite consideration of his petition [R. 8] is **GRANTED**.

2. Key's petition for a writ of habeas corpus [R. 1] is **DENIED**.

3. The Court will enter a judgment contemporaneously with this order.

4. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated September 22, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

(4) https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber=12-CR-00612&caseTypeCode=CR&client_id=0 (last visited on September 21, 2017).